1  David M. Grey, Esq. Bar #124793
   david@greyslaw.com
2  GREY & GREY
   233 Wilshire Boulevard, Suite 700
3  Santa Monica, CA 90401
   310/444-1980   fax 310/444-1970
4
   Attorneys for K.C. by and through
5    Her Guardian Ad Litem Anna Cheng

6

7

8                **UNITIED STATES DISTRICT COURT**

9

10               **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  Poway Unified School District,          Case No. 10 CV 0897 LAB por

13                Plaintiff,
                                            **Counter Claim For:**
14         vs.

15  K.C. by and through her Guardian Ad
16  Litem, Anna Cheng,                      1. Violation Section 504 of the
                                               Rehabilitation Act of 1973;
17                Poway
                                            2. Violation of the Americans with
18                                             Disabilities Act; and
    K.C., by and through her Guardian Ad
19  Litem, Anna Cheng,                      3. Violation of the Unruh Civil Rights Act

20                Counter-Claimant,

21         vs.                              **Demand for Jury Trial**

22

23  Poway Unified School District,

24                Counter-Poway.

25

26

27

28
    _____
              Counter Claim and Demand for Jury Trial

## **INTRODUCTION**

1. K.C. is a fifteen year old minor using only her initials as provided by Federal Rules of Civil Procedure, Rule 5.2(a)(3) and she brings this action through her guardian ad litem, Anna Cheng. K.C. is a 10th grade high school student that is deaf because she has a profound bilateral hearing loss. K.C.'s chosen mode of communication is auditory-oral which means she listens and speaks, instead of using sign language or other language modes. K.C. has bilateral cochlear implants. A cochlear implant is an electronic device that is surgically implanted and directly stimulates the auditory nerve to provide a sense of sound. A cochlear implant does not restore normal hearing. K.C. hears approximately 52% of what is said in most situations when using her cochlear implant and she hears considerably less, if anything, without her implants. Much of what K.C. hears depends upon the differing levels of background noise in her environment. Background noise to the user of a cochlear implant includes all sounds including those that typical hearing people filter out with no conscious effort such as the hum of an air conditioner.

2. K.C. asked Counter-Claimant, Poway Unified School District (Poway) to provide computer assisted real time captioning (CART) during portions of the school day so that she can have access to oral communication at school. Poway refused to provide K. C. with CART. CART is a technology that provides speech to text transcription in real time. There are several speech to text technologies, but CART is the only one available that provides an almost instantaneous and verbatim transcription. A CART captionist is similar to a certified shorthand reporter. The captionist converts the words spoken in the classroom into text that is displayed on a computer screen so that the hearing impaired

student can follow the teacher's lecture, other students' questions, class discussion or other oral information presented in the classroom.

3. CART is necessary to provide K.C. with direct and equal access to instruction, discussion and communication at school under Education Code §§56000.5, 56341.1(b)(4)., 56345(d)(1)-(4), 20 U.S.C. §1414(d)(3)(B)(iv), Section 504, the ADA and the Unruh Civil Rights Act.

4. K.C. filed a special education case against Poway to compel it to provide her with CART. The Administrative Law Judge granted K.C.'s request for CART and Poway complied with the ALJ Order after several weeks.

## JURISDICATION

5. Jurisdiction of this court is invoked under 28 U.S.C. Sections 1331 and 1343 which affords original jurisdiction of actions arising from federal questions under the Constitution or laws of the United States, including the Individuals with Disabilities Education Act, 20 U.S.C. Section 1415(e) ("IDEA"), and the Rehabilitation Act of 1973, 29 U.S.C. Section 729 ("Section 504").

6. K.C. has timely exhausted all of her administrative remedies.

## PARTIES

7. At all times relevant herein K.C. resided within the jurisdiction of the United States of America, State of California and County of San Diego.

8. K.C. was born on August 28, 1994 and is a 10th grader in the Poway district. K.C. resides with her parents in San Diego within the boundaries of the Poway district. K.C. qualifies as an individual with a disability within the meaning of 20 U.S.C. §1400 et..

3
Counter Claim and Demand for Jury Trial

seq. (IDEA), Title II of the ADA, Section 504 of the Rehabilitation Act of 1973, the California Education Code and the Unruh Civil Rights Act.

9. Poway is a governmental subdivision of California, duly authorized and empowered to establish, maintain, operate and administer a system of public schools within the county of San Diego. Poway's responsibilities include administering the state system of public education. Poway receives federal financial assistance and is a public entity as defined in Title II of the Americans with Disabilities Act, and is obligated under Federal and California law to comply with the special education laws, which includes identifying students eligible for special education and providing them with a free appropriate public education. Poway is also a business establishment under the Unruh Civil Rights Act.

10. At all times relevant herein, Poway failed to provide K.C. with direct and equal communication access, and a free and appropriate public education by denying her special education and related services and they discriminated against her based upon her disability.

11. OAH is a state agency acting at the behest of and under contract with the California Department of Education. OAH is responsible for handling due process hearings involving issues relating to the identification, evaluation, special education and related services, or educational placement of a child with a disability, under IDEA and the California Education Code.

## FACTS

12. K.C. filed a due process complaint with OAH against Poway pursuant to 20 U.S.C. §1415, and California Education Code §§56500 et. seq., entitled *Student v. Poway Unified School District*. The case was assigned OAH Case # N2009070998. An

administrative hearing was held and evidence presented. A Decision was rendered by OAH on January 29, 2010. OAH decided that K.C. needed CART and ordered that Poway to provide it immediately.

13. Without CART, K.C. cannot participate in class discussion, hear her teachers or have access to the curriculum just like her non-disabled peers. CART is most appropriate for K.C. because it captures all pertinent oral information presented in the classroom. CART allows K.C. to have the same access to words spoken in the classroom that her non-hearing impaired classmates take for granted. K.C. was being denied access to the same words spoken in class and educational content as the non-hearing impaired students because of the district's refusal to provide CART.

14. CART is also necessary to meet the unique communication needs of K.C. and help her develop her vocabulary and communication skills that prepare her for independent adult living. CART allows the hearing impaired student access to the oral information presented and is commonly paid for by other Southern California public school districts such as Los Angeles Unified School District, Agua Dulce School District, Santa Monica Malibu School District and others, as part of the services provided under IEP's to deaf and/or hard of hearing students. CART is also commonly provided at the college level under the ADA.

15. Poway's actions show a lack of impartiality and discriminates against K.C. because of her disability. Poway demonstrated deliberate indifference in discriminating against K.C. by not providing her with CART. K.C. has thus been denied FAPE and Poway's actions violate the rights of K.C. under IDEA, ADA and Section 504 of the Rehabilitation Act, the California Education Code and the Unruh Civil Rights Act.

**FIRST CAUSE OF ACTION**

(Section 504 of the Rehabilitation Act of 1973:

Against Poway)

16. K.C. incorporates by reference paragraphs 1 through 15 of this Complaint herein.

17. Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. (Section) 794 (Section 504), and the regulations promulgated there under, 34 C.F.R. Part 104, prohibit discrimination against persons with disabilities.  Section 504 prohibits the exclusion from participation in, or being denied the benefits of, or being subjected to, discrimination under any program or activity receiving federal financial assistance.

18. Poway has violated the rights of K.C. under Section 504 and the regulations promulgated hereunder by denying her the benefits of receiving full and equal access to the public education programs and activities offered within the School District.

19. Poway engaged in intentional discrimination against K.C. based on her handicap.  This discrimination, includes, but is not limited to Poway's failure and refusal to provide K.C. with access to the school and educational and extra-curricula activities through CART, her preferred and reasonable mode of accommodation.

20. K.C. requests damages, in an amount to be determined at trial, for such actions under the Act, 42 U.S.C. 1983 and reasonable attorney's fees pursuant to 42 U.S.C. 1988 and an Order compelling Poway to provide CART for K.C.

**SECOND CAUSE OF ACTION**

(Violation of the Americans with Disabilities Act:

Against Poway)

21. K.C. incorporate by reference paragraphs 1 through 20 of this complaint

6
Counter Claim and Demand for Jury Trial

herein.

22. Title II of the ADA, 42 U.S.C. (Section) 12131 et. seq. and the regulations promulgated there under, 28 C.F.R. Part 35, governing state and local governmental entities, protect persons from discrimination by public entities on the basis of disability. The ADA prohibits the exclusion from participation in, or being subjected to discrimination by such entity.

23. The practices described above, including but not limited to, refusing to allow access to the school, educational curriculum and extra-curricula activities violate the prohibition against discrimination solely on the basis of disability.

24. Poway violated the rights of K.C. under the ADA and the regulations promulgated there under by denying her the benefits of the services, programs and activities to which she is otherwise entitled to from the School District.

25. As a direct and proximate cause of Poway's violation of the ADA, K.C. has suffered and continues to suffer severe and grievous mental and emotional suffering, worry, fear, anguish, anxiety, humiliation, stigma, and other injuries that she will continue to suffer.

26. K.C. requests damages, in an amount to be determined at trial, for such actions under the ADA, 42 U.S.C. 1983 and reasonable attorney's fees pursuant to 42 U.S.C. 1988 as well as an Order compelling Poway to provide CART.

### THIRD CAUSE OF ACTION

(Violation of the Unruh Civil Rights Act: Against Poway)

27. K.C. incorporates herein by reference paragraphs 1 through 26 of this Complaint.

28. The Unruh Civil Rights Act (California Civil Code §51 et. seq.), protects persons from discrimination by business entities on the basis of disability. The Unruh Civil Rights Act mandates that all persons are to be treated equally and entitled to full and equal accommodations, advantages, facilities, privileges or services in all business establishments of any kind regardless of disability. The Unruh Civil Rights Act prohibits the exclusion from participation in, or being subjected to discrimination by such entity. The term business entity in the Unruh Civil Rights Act is to be interpreted broadly and includes public schools such as Poway.

29. The practices described above, including but not limited to, refusing to allow access to the school, educational curriculum and extra-curricula activities violate the prohibition against discrimination solely on the basis of disability.

30. Poway violated the rights of K.C. under the Unruh Civil Rights ACT, the ADA and the regulations promulgated there under by denying her the benefits of the services, programs and activities to which she is otherwise entitled to from the School District.

31. As a direct and proximate result of Poway's violations, K.C. has suffered and continues to suffer severe and grievous mental and emotional suffering, worry, fear, anguish, anxiety, humiliation, stigma, and other injuries that she will continue to suffer.

32. K.C. requests damages, in an amount to be determined at trial and as authorized under the Unruh Civil Rights Act, as well as an Order compelling Poway to provide CART.

**PRAYER FOR RELIEF**

WHEREFORE, K.C. prays that judgment be entered against the named Poway as follows:

1. An Order compelling Poway to provide CART;

2. General and special damages according to proof;

3. Attorney fees incurred in litigating the administrative due process complaint and/or under 42 U.S.C. section 1988, and/or other applicable statues;

4. For the costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: June 25, 2010               GREY & GREY


By: /s/ David M. Grey
    David M. Grey Attorney for Defendant
    and Counter Claimant
    david@greyslaw.com

## Proof of Service

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action; my business address is 233 Wilshire Blvd., Suite 700, Santa Monica, California

On June 25, 2010, I served the forgoing document:

*Counter Claim and Demand for Jury Trial*

on each interested party in this action by electronic mail through CM/ECF filing and the party listed below is currently on the list to receive e-mal for this case.

Marlon C. Wadlington, Esq.
Atkinson, Andelson, Loya, Ruud & Romo
12800 Center Court Drive, Suite 300
Cerritos, CA 90703

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct and that I am a member of the bar of this court.

Executed on June 25, 2010, at Santa Monica, California.

/s/David M. Grey
Attorney for Plaintiff
david@greyslaw.com

NB1:580689.1