```
David M. Grey, Esq. Bar #124793
david@greyslaw.com
GREY & GREY
233 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401
310/444-1980   fax 310/444-1970

Attorneys for Defendant
 K.C. by and through
  Her Guardian Ad Litem Anna Cheng,
 Jerry Cheng and Anna Cheng
```

# UNITIED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Poway Unified School District,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>K.C., by and through her Guardian Ad Litem, Anna Cheng<br><br>　　　　Defendant | Case No. 10 CV 0897 LAB por<br><br>Answer to Complaint |

　　　1. Defendants admits the allegations contained in paragraph 1 of the Complaint.

　　　2. Defendants admits the allegations contained in paragraph 2 of the Complaint.

　　　3. Defendants admits the allegations contained in paragraph 3 of the Complaint.

　　　4. Defendants admits the allegations contained in paragraph 4 of the Complaint.

　　　5. Defendants admits the allegations contained in paragraph 5 of the Complaint.

　　　6. Defendants Jerry and Anna Cheng admit that they are the parents of

Defendant Student, but deny that they are properly named as parties to this action.

1

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants deny that Student used a hearing aid while also utilizing her cochlear implant.  Defendants also deny that her original cochlear implant that was surgically implanted was upgraded, or that her new cochlear implant has either meaningfully or measurably improved Student's ability to hear in both a quiet and noisy environment. Defendants admit all other allegations contained in paragraph 8 of the complaint.

9. Defendants admit that IEP meeting were convened on May 5, 2009 and June 9, 2009 and that transcription services and transition into high school were discussed. Except as admitted herein Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12.  In responding to paragraph 12 of the complaint, Defendants note that the due process complaint speaks for itself.

13. In responding to paragraph 13 of the complaint, Defendants note that the ALJ Decision speaks for itself.

14.  Defendants admit or deny the allegations contained in paragraph 14 of the complaint as specified above.

15.  Defendants deny the allegations contained in paragraph 15 of the complaint.

16.  Defendants deny the allegations contained in paragraph 16 of the complaint.

17.  Defendants admit only that Plaintiff's complaint is an appeal of the administrative Decision, all other allegations contained in paragraph 17 of the complaint are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. As a first , separate and affirmative defense to the Complaint, Defendants alleges that the complaint fails to state facts sufficient to constitute a cause of action.

### Second Affirmative Defense

2. As a second, separate and affirmative defense to the Complaint, Defendants alleges that plaintiff has waived all claims asserted in the Complaint.

### Third Affirmative Defense

3. As a third, separate and affirmative defense to the Complaint, Defendants alleges that plaintiff's claims are barred by the statute of limitations.

### Fourth Affirmative Defense

4. As a fourth, separate and affirmative defense to the Complaint, Defendants alleges that plaintiff is barred from obtaining the relief sought because it has violated Federal and state special education law and regulations.

### Fifth Affirmative Defense

5. As a fifth, separate and affirmative defense to the Complaint, Defendants alleges that plaintiff is barred from obtaining and relief because of res judicata and collateral estoppel.

## PRAYER FOR RELIEF

WHEREFORE, defendants pray that judgment be entered against the plaintiff as follows:

1. An order affirming the Due Process Hearing Decision in this matter;

2. An order compelling plaintiff to comply with the Due Process Hearing Decision;

3. Attorney fees incurred in litigating the administrative due process complaint and this case;

5. For the costs of suit incurred herein; and

6. For such other and further relief as the Court deems just and proper.

Dated: June 25, 2010					GREY & GREY


							By: /s/ David M. Grey
							    David M. Grey Attorney for Defendant
							    and Counter Claimant
							    david@greyslaw.com

## Proof of Service

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to this action; my business address is 233 Wilshire Blvd., Suite 700, Santa Monica, California

On June 25, 2010, I served the forgoing document:

*Answer to Complaint*

on each interested party in this action by electronic mail through CM/ECF filing and the party listed below is currently on the list to receive e-mal for this case.

Marlon C. Wadlington, Esq.
Atkinson, Andelson, Loya, Ruud & Romo
12800 Center Court Drive, Suite 300
Cerritos, CA 90703

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct and that I am a member of the bar of this court.

Executed on June 25, 2010, at Santa Monica, California.

/s/David M. Grey
Attorney for Plaintiff
david@greyslaw.com

NB1:580689.1

5