ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Justin R. Shinnefield, State Bar No. 199036
Marlon C. Wadlington, State Bar No. 192138
Sundee M. Johnson, State Bar No. 226414
12800 Center Court Drive, Suite 300
Cerritos, CA 90703-9364
Telephone: (562) 653-3200 • (714) 826-5480
Facsimile: (562) 653-3333

Attorneys for POWAY UNIFIED
SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWAY UNIFIED SCHOOL DISTRICT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KATELYN CHENG, by and through her parents JERRY CHENG and ANNA CHENG<br><br>　　　　Defendant. | CASE NO.:  10 CV 0897 LAB (POR)<br><br>**JOINT REPORT REGARDING EARLY MEETING OF COUNSEL**<br><br>[Fed. R. Civ. Pro. Rule 26(f); Local Rule 26-1]<br><br>**Date:  November 18, 2010**<br>**Time:  1:30 p.m.**<br>**Courtroom:  H** |

　　　　Plaintiff and Counter Defendant POWAY UNIFIED SCHOOL DISTRICT ("Plaintiff"), by and through its counsel Atkinson, Andelson, Loya, Ruud & Romo and Defendant and Counter Claimant KATELYN CHENG ("Student") by and through her counsel, Law Offices of David M. Grey, pursuant to Fed. R. Civ. Pro. Rule 26(f), Local Rule 26-1 and the Court Order Re Scheduling Conference, hereby file their Joint Report Regarding the Early Meeting of Counsel prior to the Scheduling Conference in this matter. The parties hereby state in response to Fed. R. Civ. Pro. Rule 26(f), L.R. 26-1 and the Court's Order Re Scheduling Conference as follows:

# FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(f)

## FRCP 26(f)(1) Changes to Disclosures

This matter is an appeal of the administrative law judge's ("ALJ") which will consist of a review of the administrative record to date, there have been no disclosures as the evidence will consist of the administrative record in this action.

## FRCP 26(f)(2) Scope of Discovery

Student has filed a Counter Claim requesting General and Special Damages from Plaintiff. It is Plaintiff and Counter Defendant's position that should any evidence separate and apart from due process hearing testimony which is in the administrative record, including but not limited to declarations, be introduced in support of the counter claim, then it should be allowed to conduct the deposition(s) of the person(s) whom testimony is introduced. Likewise, should Counter Defendant introduce evidence beyond that which is contained in the Administrative Record, then Counter Claimant should have the right to Discovery.

## FRCP 26(f)(4) Other Orders Which Should be Entered by the Court

The parties agree that the appeal of the special education issue can be decided by motion and that no trial is necessary. Counter Claimant believes that the threshold issue in this case is whether or not the District is obligated to provide her with CART either under Section 504, the ADA, the Unruh Act, or under the special education laws pursuant to the existing OAH Decision. Counter Claimant believes that the Administrative record is more than sufficient to enable the court to rule on a partial motion for summary judgment on her legal entitlement to CART. If the court decides that the District is not required to provide Student with CART the case is in effect over at the trial court level. If the court decides that Student is entitled to CART then a damages phase may be necessary and only then should discovery go forward on damages.

If the Court is prepared to hear this matter via motion as proposed, the parties request that the Court waive the Pre-Trial Conference requirements found in Fed. R.

1  Civ. Proc. Rule 16 (and all applicable Local Rule requirements for Pre-Trial
2  Conference), until after a Decision on the motions.

### **LOCAL RULE 26-1**

**L.R. 26-1(a) Complex Case**

The parties have agreed that this matter is not complex and the procedures of the Manual for Complex litigation need not be utilized.

**L.R. 26-1(b) Motion Schedule**

The parties would like the court to consider this matter via motion without the necessity of live testimony and would like to discuss with the Court the means and the feasibility of this at the Scheduling Conference. The Parties propose that simultaneous motions be filed. Plaintiff's motion will address the IDEA due process hearing that is being appealed. Student's motion will address the issues raised in the Counter Claim. The parties propose the following motion schedule:

a)  Cross-motions for summary judgment will be filed and served on February 7, 2011;

b)  Oppositions will be filed and served on February 28, 2011;

c)  Replies will be filed and served on March 14, 2011 and

d)  Hearing on Plaintiff's Motion for Attorney's Fees and Costs to be held on April 13, 2011.

e)  Plaintiff will lodge the Administrative Record on or before February 7, 2010.

**L.R. 26-1(c) Settlement**

Communications concerning settlement have not led to resolution of this matter as of this date. However, communications are ongoing. Pending the outcome of a related action in this Court, Case No. 09 CV 2621 L NLS, the parties may be amenable to further settlement communications.

**L.R. 26-1(d) Trial Estimate**

The parties would like the Court to initially consider this matter without the

1  necessity of live testimony and would like to discuss with the Court the means and
2  the feasibility of this at the Scheduling Conference.

3  The parties believe that a trial with live testimony is not necessary in this
4  matter at this time. Thus the parties believe that this hearing will take 1 to 2 hours.
5  However, if a trial were held in this matter, the parties believe it should be a court
6  trial and estimate that it would take 1-2 days on the appeal of the special education
7  case. Counter Claimant demands a jury trial should the case not be resolved by
8  summary judgment. The parties believe that any such trial will take two days.

9  **L.R. 26-1(e) Additional Parties**

10  At this stage in the proceedings, it is not anticipated that there will be any
11  additional parties to this action.

12  **L.R. 26-1 (f) Expert Witnesses**

13  The parties would like the Court to consider this matter without the necessity
14  of live testimony and would like to discuss with the Court the means and the
15  feasibility of this at the Scheduling Conference. If such a process is available, the
16  parties may not need to have expert witnesses in this matter. However, in the event
17  that there is a trial, the parties have agreed that expert witness disclosure be made
18  ninety (90) days prior to the trial date, in accordance with Fed. R. of Civ. Pro. Rule
19  26(a)(2)(c).

20  DATED: 10/29/2010     ATKINSON, ANDELSON, LOYA, RUUD & ROMO

21
22              By: Marlon C. Wadlington
                    Marlon C. Wadlington
23                  Attorneys for POWAY UNIFIED
                    SCHOOL DISTRICT

24  DATED: _____     LAW OFFICES OF DAVID M. GREY

25
26              By: _____
27                  David M. Grey
                    Attorneys for KATELYN CHENG, by and
                    through her parents JERRY CHENG and
28                  ANNA CHENG

**CERTIFICATE OF SERVICE**

(Code Civ. Proc. § 1013a(3))

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 12800 Center Court Drive, Suite 300, Cerritos, CA 90703.

On October 29, 2010, I served the following document(s) described as **JOINT REPORT REGARDING EARLY MEETING OF COUNSEL** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| David M. Grey, Esq.<br>233 Wilshire Blvd., Suite 700<br>Santa Monica, CA 90401<br>(310) 444-1980<br>(310) 444-1970  Fax<br>david@greyslaw.com | Attorneys for KATELYN CHENG, by and through her parents JERRY CHENG and ANNA CHENG |

☒ **BY ELECTRONIC MAIL:** I have caused the above-mentioned document(s) to be electronically served on the above-mentioned person(s), who are currently on the list to receive e-mail notices for this case.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 29, 2010 at Cerritos, California.

/s/ Marlon C. Wadlington
MARLON C. WADLINGTON